NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0754n.06
Filed: December 10, 2008

No. 08-5113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DONALD TROUT,                                )
                                             )
        Plaintiff-Appellant,                 )
                                             )    ON APPEAL FROM THE UNITED
v.                                           )    STATES DISTRICT COURT FOR THE
                                             )    EASTERN DISTRICT OF TENNESSEE
AEROSPACE TESTING ALLIANCE, et al.,          )
                                             )
        Defendants-Appellees.                )
                                             )

Before: MARTIN and GILMAN, Circuit Judges; and DOWD, District Judge.[*]

PER CURIAM.   Donald Trout (Trout) appeals the district court's order granting the defendants' motion for summary judgment. For the reasons set forth below, the district court's order granting summary judgment to Aerospace Testing Alliance is affirmed.

Trout filed this action against four defendants, alleging that his employment was wrongfully terminated based on his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*, and based upon his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 622 *et seq.* and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-401 *et seq.* In response to defendants' motion for summary judgment, Trout stated that he did not intend to prove age discrimination at trial and that summary judgment was appropriate

_____

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

for all issues regarding age discrimination. Accordingly, the district court judge granted defendants' motion for summary judgment as to Trout's claims under the ADEA and THRA, and dismissed those claims with prejudice.

Trout also stated in response to defendants' motion for summary judgment that defendant Aerospace Testing Alliance (ATA) was his employer and that he would not pursue judgment against the other defendants. Accordingly, the district court granted defendants' motion for summary judgment as to defendants Jacobs Sverdrup Constructors, Computer Sciences Corporation, and General Physics Corporation and dismissed those claims with prejudice.

Only Trout's ADA claim against ATA remained to be determined on summary judgment. The issues before the district court on summary judgment, and now before this Court, are: 1) whether ATA violated the ADA by failing to make reasonable accommodation for Trout's disability by placing him in another position; and 2) whether ATA failed to engage in the required interactive process to identify possible accommodations. In granting summary judgment, the district court concluded that: 1) Trout had not demonstrated a genuine issue of material fact as to whether ATA failed to transfer him to a vacant position for which he was otherwise qualified because Trout failed to establish the existence of a genuine issue of material fact as to: a) the existence of a vacant position to which ATA could have transferred him, and b) his status as a "qualified individual" for the tool crib attendant position; and 2) ATA did not violate the ADA by failing to engage in an interactive

process because Trout advanced no evidence that ATA acted in bad faith, and even if ATA had acted in bad faith, Trout could not demonstrate that he could have otherwise been accommodated.

It is undisputed that at all relevant times, Trout was disabled due to severe vision limitations. It is also undisputed that his disability prevented him from working, with or without accommodation, as a Power Equipment Serviceman (PES), the job for which he was hired by ATA. To his credit, although Trout could no longer work as a PES, he nevertheless desired to continue to work. The parties dispute whether ATA could reasonably accommodate Trout's disability by transferring him to a different position.

A district court's order granting summary judgment undergoes *de novo* review. *Kleiber v. Honda of Am. Mfg.,* 485 F.3d 862, 868 (6th Cir. 2007) (citing *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004)). When reviewing the district court's decision granting summary judgment, we view all evidence in the light most favorable to the non-moving party. Summary judgment is proper when no genuine issue of material facts exist and the moving party is entitled to judgment as a mater of law. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In determining whether ATA violated the ADA by failing to transfer Trout to an open position for which he was qualified, the first step in the analysis is whether there is a genuine issue of material fact as to the whether there was a vacant position available. *Kleiber,* 485 F.3d at 869. The second

step in the analysis is whether, even if a vacancy existed, there is a genuine issue of material fact as to Trout's qualifications for the open position. *Id.* at 870. Trout contends that there was a vacant tool crib attendant position for which he was qualified. However, having reviewed the record and the applicable law, and with the benefit of the parties' briefs and oral argument, we cannot conclude that a reasonable jury could find that a vacant position existed, or that even if it existed, Trout was qualified for the position.

In determining whether ATA violated the ADA by failing to engage in an interactive process to identify potential reasonable accommodations, we must determine whether there is a genuine issue of material fact as to whether ATA engaged in a good faith process to identify Trout's limitations resulting from the disability and potential reasonable accommodations. *Id.* at 871. Trout contends that he repeatedly contacted ATA to determine if there was another position for which he was qualified and was told that he would be contacted if any positions became available, but that no one from ATA ever contacted him. Having reviewed the record and the applicable law, and with the benefit of the parties' briefs and oral argument, we cannot conclude that a reasonable jury could find that the ATA did not act in good faith to identify reasonable accommodations for Trout.[**]

---

[**] The Court earlier concluded that Trout failed to establish there was a vacancy for which he was qualified by which to accommodate his disability. Therefore, even if ATA did not engage in a good faith interactive process, appellant cannot prevail on this point because Trout would be unable to establish that he could have been accommodated but for ATA's failure to engage in the interactive process.

No. 08-5113
*Donald Trout v. Aerospace Testing Alliance, et al.*

In conclusion, we affirm the district court's order granting summary judgment to defendant ATA.